HEIRS OF JOSÉ RAMÍREZ RIVERA, ETC., Petitioners, *v.* DISTRICT COURT OF MAYAGÜEZ, HON. ÁNGEL FIOL NEGRÓN, JUDGE, Respondent.

No. 23. Argued January 9, 1950.—Decided January 19, 1950.

*Oscar Souffront* for petitioners. *Andrés Ruiz* for intervener, defendant in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The petitioners herein filed a complaint in the Municipal Court of Mayagüez seeking to evict Teofilo Martell from a lot and building devoted to a gasoline station which he has been occupying by virtue of a month-to-month lease. They alleged as a cause of action that they are the owners of the property which they inherited from their father; that on September 13, 1948, they notified the defendant in writing that the contract would terminate the 30th of that month, on which date and without any pretext he should vacate the gasoline station; and that notwithstanding this notice, of which they sent a copy to the Puerto Rico Office of Price Administration, the defendant has refused to vacate it.

The defendant answered alleging, among other defenses, that the contract was extendible by operation of law and was actually extended at the end of each month.

The municipal court dismissed the complaint. So did the district court. To review the judgment petitioners have filed this certiorari.

■ The controversy hinges, principally, on whether, as held by the lower court, the leased property is the "business premises" contemplated by § 12 of the "Reasonable Rents Act," as amended by Act No. 201 of May 14, 1948 (p. 574) which provides:

"Regardless of the date of construction or occupancy of both dwellings and business premises, and irrespective of any change of landlord or nominal lessor, the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts and the extension shall be understood for the terms fixed by Section 1471 of the Civil Code, but never for a period longer than the duration of the emergency declared in this Act. Said extension is also applicable to leased lots whereon buildings belonging to an owner other than the owner of the lot are erected."

Before determining whether the foregoing Section is dispositive of the question in issue, we must pass on the facts which the lower court had before it. It appears from the pleadings and the evidence that plaintiffs' father, former owner of the lot described in the complaint, built a gasoline station thereon, in conformity with the drawings and specification furnished by the Texas Co. (of P. R.) ; that after the gasoline station was finished, the aforesaid company leased it, enjoying it under the lease for several years (Exhibit 1 of Plff.) ; that thereafter the station was leased to Mario Vélez [1] who on February 1946, assigned the lease to the

[1] The record does not show the date on which the lease of The Texas Co. (of P. R.) ceased, nor the date on which the lease of Mario Vélez commenced.

defendant, and sold to him the equipment which he had installed in the station. From that time the defendant has been paying the rent directly to the plaintiffs, having dealings with them as lessee.[2]

The record does not reveal if the predecessor of the plaintiffs, or the latter, at the death of the former, at any time operated the business of the gasoline station. The petitioners herein admit that they did not present evidence to that effect at the trial below, and that they failed to do so, because in their opinion, the fact had been admitted under the first special defense set up by the defendant in his answer, which insofar as material, reads:

"1. That when the defendant took charge of the gasoline station which he purchased from Mario Vélez on February 1946, the purpose was that *defendant should continue operating* said business indefinitely . . . . ." (Italics ours.)

This defense does not have the scope claimed by the petitioners. It is true that it is admitted therein that when the defendant purchased the gasoline station there was a going business; but the business, in itself, which the defendant purchased did not belong to the plaintiffs, petitioners herein, but to Mario Vélez, the former lessee. Under these circumstances, as was correctly decided by the lower court, the situation of the plaintiffs is the same as when a person prepare some business premises, and rents it to someone else, who thereafter operates the business. The cases of *Ortiz* v. *Cesani*, 68 P.R.R. 382, and *Orsini* v. *Sánchez*, 67 P.R.R. 809, invoked by the petitioners are inapposite. In those cases the plaintiff operated the business until the day he assigned the lease to the defendant.

 The petitioners challenge the constitutionality of Act No. 201 of 1948 which, as we have pointed out, amended § 12 of the "Reasonable Rents Act". The attack consists in that it is said in the title of said Act that its purpose is "To

---

[2] In the transcript of the evidence (p. 42) plaintiffs' attorney admits that the contract entered into with the defendant was a new lease.

amend Sections 6, 12, 12–A, and 22 of Act No. 464, entitled 'The Reasonable Rents Act,' approved April 25, 1947, as subsequently amended, . . .''; and that § 1 of Act No. 201 reads, insofar as pertinent, thus:

"Sections 6, 12 and 12-A of Act No. 464, entitled 'The Reasonable Rents Act,' approved April 25, 1947, as subsequently amended, are hereby amended to read as follows:".

The petitioners argue that there is no Act No. 464 of April 25, 1947 which has any relation to the "Reasonable Rents Act"; that the "Reasonable Rents Act" to which Act No. 201 of 1948 could have referred is Act No. 464 of April 25, 1946; that since it does not appear from the title of Act No. 201 of 1948, that Act No. 464 of April 25, 1946 is to be amended and § 1 refers to §§ 6, 12 and 12–A of Act No. 464 of April 25, 1947, no amendment was introduced to Act No. 464 of April 25, 1946.

The petitioners admit in their brief that it is a clerical error, but they allege that since it has not been corrected by subsequent legislation, no amendment can now be invoked by virtue of Act No. 201 approved May 14, 1948 to Act No. 464 of April 25, 1946, namely, the "Reasonable Rents Act."

The petitioners themselves suggest the answer to their argument. This is a mere lapsus in referring to Act No. 464 of April 25, 1947. There is only one "Reasonable Rents Act" and that is Act No. 464 of April 25, 1946. So that no one can be led to error by the mistake of referring to an alleged Act No. 464 of April 25, 1947 [3] which has no connection with the "Reasonable Rents Act." Such a clerical error in the copying of the title does not invalidate the amendatory Act.

For the reasons stated, the writ issued will be discharged and the original record remanded to the lower court.

[3] Act No. 464 of 1947 was approved May 14 of the same year and its title reads in part as follows: "To Amend Sections 5, 6 and 29 of Act No. 213 approved May 12, 1942; to provide for the appointment of the members of the Planning, Urbanizing, and Zoning Board created by said Act; to provide for the appointment of the Director of the Budget; . . . . ."